UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAGIN LUIS CABALLERO,

    Plaintiff,

v.                                                      Case No. 8:24-cv-1213-KKM-TGW

UNITED STATES OF AMERICA,

    Defendant.
_____

## ORDER

The government moves, unopposed, under Federal Rule of Civil Procedure 42 to consolidate this case with *Neil Morrison v. The United States of America*, No. 8:24-cv-03007-KKM-SPF (Related Action) for discovery and trial purposes. Motion to Consolidate (Doc. 84) (MTC). I grant the motion for the following reasons.

Rule 42(a) provides, "If actions before the court involve a common question of law or fact, the court may . . . (2) consolidate the actions." "[T]he decision to invoke [Rule 42] is entirely within the discretion of the district court as it seeks to promote the administration of justice." *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973).[1] The Eleventh Circuit has "encouraged trial judges to make good use of Rule 42(a) . . . in order

---

[1] The Eleventh Circuit adopted as binding precedent all decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to the close of business on September 30, 1981. *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

to expedite [] trial and eliminate unnecessary repetition and confusion." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (quotation omitted). In exercising my discretion under Rule 42, I consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (quotation omitted).

In the light of these factors, consolidation is appropriate. The government states that the Related Action is "against the same defendant and present virtually the same allegations and involve the same facts, liability witnesses, liability evidence, and share the same legal issues." MTC at 2. And the same counsel represents the government. *Id.* Given these facts, consolidation will "expedite [] trial and eliminate unnecessary repetition and confusion." *Hendrix*, 776 F.2d at 1495. The case is hereby consolidated for discovery and trial purposes.

Accordingly, the following is **ORDERED**:

1. Defendant's motion to consolidate is **GRANTED**. The clerk is directed to **CONSOLIDATE** case 8:24-cv-03007-KKM-SPF with this case for all further proceedings.

2

2. All future pleadings shall be filed under the lead case: No. 8:24-cv-1213-KKM-TGW. Case 8:24-cv-03007-KKM-SPF is **ADMINISTRATIVELY CLOSED.**

3. The parties shall identify this action in every paper filed by the case number **8:24-cv-1213-KKM-TGW (Consolidated).**

4. The clerk shall promptly docket notices of the entry of this order in case 8:24-cv-03007-KKM-SPF.

**ORDERED** in Tampa, Florida, on March 5, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge